**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ALBRECHT and JOSHUA BERGER, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>FAMILY FIRST LIFE, LLC, and WELLCARE HEALTH PLANS OF NEW JERSEY, INC.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. PETER ALBRECHT ("Plaintiff Albrecht") and JOSHUA BERGER ("Plaintiff Berger") (collectively the "Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant FAMILY FIRST LIFE, LLC, ("Defendant Family First") and defendant WELLCARE HEALTH PLANS OF NEW JERSEY, INC. ("Defendant WellCare") (collectively the "Defendants"), in negligently and/or willfully contacting Plaintiff on Plaintiffs' telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), specifically, the National Do-Not-Call provisions of 47 C.F.R. 64.1200(c), thereby invading Plaintiffs' privacy.

2. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3. According to the Federal Communications Commission's website, https://www.fcc.gov/general/do-not-call, accessed on October 5, 2018:

> Working with the Federal Trade Commission, the [FCC] developed the national Do Not Call Registry, which applies to all telemarketers and covers interstate and intrastate telemarketing calls. Commercial telemarketers are not allowed to call you if your number is on the registry, subject to certain exceptions.

4. According to the FTC, https://www.consumer.ftc.gov/articles/0133-cell-phones-and-do-not-call-registry, accessed on October 5, 2018:

> The Do Not Call Registry accepts registrations from both cell phones and land lines . . . Once registered, a telephone number stays on the Do Not Call Registry until the registration is canceled or service for the number is discontinued.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(c).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this district, as Plaintiff Albrecht received several allegedly unlawful calls while residing in the County of Orange within the State of California.

7. Defendants are subject to personal jurisdiction in the County of Orange, State of California, as Defendant Family First regularly conduct business throughout the State of California evidenced by its placement of employees in Los Angeles, Santa Ana, and Santa Clara; and Defendant WellCare purposefully availed itself to California by placing several calls to both Plaintiffs on behalf of Defendant Family First, each of which have California area codes.

## PARTIES

8. Plaintiffs are, and at all times mentioned herein were, a citizen and resident of the State of California. Plaintiffs are, and at all times mentioned herein were, a "person," as defined by 47 U.S.C. § 153 (39).

9. Plaintiffs are informed and believe, and thereon allege, that Defendant Family First is a limited liability company whose corporate headquarters is in Connecticut,

10. Plaintiffs are informed and believe, and thereon allege, that Defendant WellCare is a corporation that is incorporate in New Jersey.

11. Defendants, are and at all times mentioned herein were a "person," as defined by 47 U.S.C. § 153 (39). Plaintiffs allege that at all times relevant herein Defendants conducted business in the State of California and in the County of Orange, and within this judicial district.

# FACTUAL ALLEGATIONS

12. Plaintiff Berger has never had any business relationship with either Defendant Family First or Defendant WellCare.

13. Plaintiff Albrecht has never had any business relationship with either Defendant Family First or Defendant WellCare.

14. Upon information and belief, the main website for Defendant Family First is https://www.familyfirstlife.com.

15. Defendant Family First's website states, in part:

> We specialize in mortgage protection life insurance, final expense life insurance, retirement planning through universal life policies and retirement protection through the use of fixed index annuities. We have multiple insurance carriers inclusive of Americo, Mutual of Omaha and various others that we work with in order to be able to meet all the client's needs.

16. According to an online job posting for a sales agent at Family First Life, Defendant Family First sought, and has filled, a position for a sales agent to sell life insurance based "off of a leads system…"

17. Upon information and belief, the telephone number (973) 274-2100 is owned and operated by Defendant WellCare Health Plans of New Jersey, Inc.

18. In online forums, consumers have complained about calls from telephone number (973) 274-2100 as being from "Well Care," and that calls have been placed "continuously" or for the purpose of "sell[ing] … something." There are also numerous consumer reports online of unwanted calls from said telephone number in 2018.

19. Upon information and belief, the main website for Defendant WellCare is https://www.wellcare.com.

20. Defendant WellCare's website states, in part:

Headquartered in Tampa, Fla., WellCare Health Plans, Inc. (NYSE: WCG) focuses exclusively on providing government-sponsored managed care services, primarily through Medicaid, Medicare Advantage and Medicare Prescription Drug Plans, to families, children, seniors and individuals with complex medical needs. The company served approximately 4.4 million members nationwide as of June 30, 2018.

21. Upon information and belief, Defendant Family First contracted with Defendant WellCare to have Defendant WellCare place calls to consumers for the purpose of providing Defendant Family First with the contact information of consumers who are likely to want to purchase life insurance.

22. Upon information and believe, Defendant Family First directed and had control over when these calls were made to consumers, as well as the content of the scripts that Defendant WellCare's agent were to use in placing the calls.

### Plaintiff Berger

23. Plaintiff Berger's landline telephone number ending "1894" was added to the National Do-Not-Call Registry on or about September 21, 2004.

24. Beginning on or about September 6, 2018, at approximately 9:24 a.m., Plaintiff Berger received a call on his telephone ending in "1894" from (973) 274-2100. Plaintiff Berger's caller ID identified the caller as Defendant WellCare.

25. When Plaintiff Berger answered this call, Plaintiff Berger was greeted by silence. After a few seconds of silence, a live operator clicked onto the line.

26. Once on the line, the agent began trying to sell Plaintiff Berger insurance for funeral expenses.

27. Plaintiff informed this agent that he was not interested in these services and requested that he not be called again.

28. Despite this request, Plaintiff Berger received approximately four more calls

on September 6, 2018 from (973) 274-2100. Throughout the day, Plaintiff continued to tell each live agent to stop calling in various ways.

29. Plaintiff Berger also received a call from Defendant WellCare on September 7, 2018.

30. During this call the live agent on the line requested that Plaintiff Berger provide his contact information so that he could be "contacted by a local representative." Believing these calls would never stop unless Plaintiff Berger spoke to an agent in person, Plaintiff Berger begrudgingly provided the agent on the line with his home address.

31. On September 10, 2018, at approximately 8:27 a.m., Plaintiff received yet another call from Defendant WellCare at the same (973) 274-2100 telephone number.

32. On or about September 11, 2018, an insurance salesman came to Plaintiff Berger's home address. This salesman had a badge on his clothing which read "Family First Life" and contained this companies logo.

33. Plaintiff Berger has received several calls since this September 11, 20.

34. Over this entire period, Plaintiff Berger received approximately ten unwanted and non-consensual calls from Defendants.

### Plaintiff Albrecht

35. Plaintiff Albrecht's landline telephone number ending "8750" was added to the National Do-Not-Call Registry on or about June 29, 2003.

36. Beginning on or about September 6, 2018, at approximately 3:22 p.m., Plaintiff Albrecht received a call on his telephone ending in "8750" from (973) 274-2100. The caller identification on Plaintiff Albrecht's telephone identified the caller as "WELLCARE". This call was not answered due to Plaintiff Albrecht being out of the house.

37. On or about September 7, 2018, Plaintiff Albrecht received three (3) calls from (973) 274-2100.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

38. Plaintiff Albrecht answered one of these calls and was heard only silence. After a few seconds, Plaintiff Albrecht heard a clicking sound, which was followed by the voice of a live agent.

39. Plaintiff Albrecht spoke with the live agent; however, Plaintiff was unable to understand the caller, so he hung up the phone.

40. Plaintiff received an additional call on or about September 8, 2018. Due to the bad experience in the previous day's call, Plaintiff ended the connection of the call.

41. Over this entire period, Plaintiff Albrecht received approximately five unwanted and non-consensual calls from Defendants.

42. Defendant WellCare, acting as an agent for Defendant Family First's benefit, has placed multiple live calls to both Plaintiffs on their landline telephones in September of 2018, from telephone number (973) 274-2100.

43. Defendants' calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200, as they were an attempt to promote or sell Defendants' services.

44. Plaintiffs have each received numerous solicitation calls from Defendants.

45. Plaintiffs did not provide Defendants with their landline telephone numbers at any point in time, nor did they give permission for Defendants to call them.

46. Plaintiff Berger has asked Defendant WellCare's agent to take his landline telephone number off of its calling list/s and never call again, but Defendants have disregarded this request.

47. Plaintiff Berger's request for Defendants to stop calling Plaintiff Berger terminated any prior consent that Defendants may have had to call Plaintiff Berger for marketing or solicitation purposes.

48. Plaintiff Berger's repeated requests for Defendants to stop calling Plaintiff Berger terminated any established business relationship that may have existed between Plaintiff Berger and Defendants pursuant to 47 CFR §

64.1200(f)(5)(i).

49. Plaintiffs did not give Defendants' prior express written consent or permission for Defendants to call Plaintiffs' landline telephone for marketing or solicitations purposes.

50. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

51. Upon information and belief, at all relevant times, Defendants failed to regularly check the National-Do-Not-Call Registry for phone numbers of individuals who have expressed a desire not to received unsolicited calls.

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

53. Plaintiff represents, and are each a member of, the Class, consisting of:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendants and/or their agents and/or their employees that promoted Defendants' products or services, within four years prior to the filing of the Complaint.

54. Defendants and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

55. Plaintiffs and members of the Class were harmed by the acts of Defendants

in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiffs and the Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiffs and the Class members were damaged thereby.

56. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

57. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records and the National Do-Not-Call Registry.

58. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed more than one solicitation call to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who did not have an established business relationship with Defendants;

   b. Whether Defendants obtained prior express invitation or permission to place solicitation calls to the telephone number of the Plaintiffs or the Class members;

      c. Whether Defendants continued to call telephone numbers of persons that had requested Defendants stop calling those telephone numbers;

      d. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

      e. Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

59. Plaintiffs are asserting claims that are typical of the Class. First, Plaintiffs are persons that received numerous live solicitation calls from Defendants within a 12-month period, who did not have an established business relationship with the Defendants. Furthermore, Plaintiffs did not provide Defendants with prior express invitation or permission to receive calls, and Plaintiffs' telephone numbers were registered on the National Do-Not-Call Registry. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

60. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

61. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

62. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against

Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

63. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227, *ET SEQ.*

64. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

66. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

67. Plaintiff and the Class are also entitled to and do seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227, *ET SEQ.*

68. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

70. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

71. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendants, and each of them:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA

72. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5);

73. Pursuant to 47 U.S.C. § 227(c)(5)(A), a temporary and permanent injunction prohibiting the unlawful conduct in the future;

74. Costs of suit;

75. Pre-judgment and post-judgment interest;

76. Reasonable attorneys' fees pursuant to the common fund doctrine;

77. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATIONS OF THE TCPA

78. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5);

79. Pursuant to 47 U.S.C. § 227(c)(5)(A), a temporary and permanent injunction prohibiting the unlawful conduct in the future;

80. Pre-judgment and post-judgment interest;

81. Costs of suit;

82. Reasonable attorneys' fees pursuant to the common fund doctrine;

83. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

84. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: November 1, 2018        **KAZEROUNI LAW GROUP, APC**

BY: /S/ ABBAS KAZEROUNIAN
Abbas Kazerounian, Esq.
ak@kazlg.com
*Attorneys for Plaintiffs*

**Additional Counsel for Plaintiff**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Attorneys for Plaintiffs*